Stephen McArthur (State Bar No. 277712)
stephen@smcarthurlaw.com
Thomas Dietrich (State Bar No. 254282)
tom@smcarthurlaw.com
THE MCARTHUR LAW FIRM, P.C.
8383 Wilshire Blvd., Ste. 800
Beverly Hills, CA 90211
Telephone: (323) 639-4455

*Attorneys for Plaintiff Dennis Lee*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS LEE,<br><br>   Plaintiff,<br><br> v.<br><br>THE DETROIT LIONS, INC.,<br><br>   Defendant. | Case No. 2:25-cv-07829<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Demand for Jury Trial** |

Plaintiff Dennis Lee ("Lee"), for his Complaint against The Detroit Lions, Inc. ("TDL"), states and alleges as follows:

**<u>Introduction</u>**

1. Lee is a highly experienced professional photographer with over 20 years of expertise in capturing youth sporting events. His photo galleries are regularly published on www.maxpreps.com ("MaxPreps") and www.scorebooklive.com. His work has been featured on book covers, graphics designed by the California Interscholastic Federation, televised on NFL's Sunday Night Football, and printed in the *San Francisco Chronicle*.

2. Lee makes a substantial portion of his income by licensing photographs independently and through licensing websites like MaxPreps.

3.      Among Lee's photographs of athletes are those at issue in this case: three photos of NFL quarterback Jared Goff while he was in high school playing basketball and baseball (together, the "Goff Photos").

4.      Lee owns U.S. copyright registrations for the Goff Photos, and he had made them available for licensing through MaxPreps.

5.      Defendant TDL owns and operates the Detroit Lions professional football team.

6.      Without permission or authorization from Lee—and with knowledge that Lee was not being paid a proper license fee—TDL copied and displayed the copyrighted Goff Photos to more than 3 million people on TDL's official Instagram and X social media pages.

7.      TDL copied and displayed the Goff Photos on commercial social media pages to millions of users without Lee's permission and with knowledge that TDL did not have a proper license for such commercial displays.

8.      TDL has engaged in this misconduct in violation of U.S. copyright laws, and its actions have substantially harmed Lee.

**Nature of the Action**

9.      This is an action at law and in equity for copyright infringement under the Copyright Act of 1976 (the "Copyright Act"), 17 U.S.C. §§ 101 *et seq.*

10.      This action arises by reason of TDL's willful and unauthorized public display, reproduction, and distribution of copies of the Goff Photos. Lee seeks an injunction prohibiting further copying of his work, recovery of total profits and costs, and additional relief as set forth below.

**The Parties**

11.      Plaintiff Dennis Lee is an individual residing in Elk Grove, California. Lee is the owner of United States copyright registrations in each of the three Goff Photos that were copied by TDL.

12.      Lee is the owner of all exclusive rights under copyright in his

1    photographs in the United States.

2        13.    Defendant The Detroit Lions, Inc. is a corporation duly organized and

3    existing under the laws of Michigan, with headquarters in Allen Park, Michigan.

4        14.    TDL owns and operates the Detroit Lions football team.

5        15.    TDL owns and controls the official Detroit Lions social media accounts,

6    including the Instagram account with the handle @detroitlionsnfl and the X

7    account with the handle @lions.

8                        **Jurisdiction and Venue**

9        16.    This is a civil action alleging copyright infringement under the Copyright

10    Act, 17 U.S.C. § 501. This Court has exclusive subject matter jurisdiction over

11    these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

12        17.    This Court has personal jurisdiction over TDL.

13        18.    TDL has engaged in infringing conduct within California and

14    purposefully directed its activities through television, websites, and social media

15    pages at California, where a substantial portion of TDL's customers, viewers, and

16    social media users are located.

17        19.    TDL's infringements in this case occurred on social media pages on

18    Instagram and X, both of which were at the time based in California and made

19    available to California residents, who comprise a large portion of the user bases for

20    those platforms.

21        20.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c)

22    because a substantial part of the events giving rise to the claims occurred in this

23    District, and TDL is subject to personal jurisdiction in this District.

24                    **Facts Underlying the Causes of Action**

25                    ***Lee Shoots Distinctive Athlete Photographs***

26        21.    Lee has been a professional photographer for many years. His work has

27    been used in various publications. Lee has focused for over two decades on

28    capturing interesting and memorable moments in high school and college athletics.

1    22.    This case involves Lee's three Goff Photos, shown below.

**Goff Basketball Photo 1**



**Goff Basketball Photo 2**



**Goff Baseball Photo**



1

2

3

4

5

6

7

8

9

10

11    23.    Lee took the two Goff Basketball Photos on March 2, 2011, in Albany,

12    California.

13    24.    Lee took the Goff Baseball Photo on June 2, 2012, in Oakland,

14    California.

15    25.    The Goff Photos all feature Jared Goff when he was playing sports in

16    high school. Goff went on to play college football as quarterback for the Cal

17    Golden Bears and was subsequently drafted into the NFL by the Los Angeles

18    Rams.

19    26.    At quarterback, in 2017 Goff led the Rams to their first playoff

20    appearance since 2004. The following year he led the Rams to the Super Bowl.

21    27.    In 2021, the Rams traded Goff to the Lions. He has been the Lions

22    starting quarterback ever since.

23    28.    Because Goff became famous for playing football, photographs of him

24    playing other sports in high school are rare and valuable. Lee is believed to possess

25    some of the only known professionally taken photos of Goff playing baseball and

26    basketball in high school.

27    29.    In shooting the Goff Photos, Lee carefully selected the lighting,

28    background, and exposure for maximum impact. Lee took numerous different

photographs during these particular photo shoots.

30.     After each of those photo shoots, Lee selected and uploaded certain photos from the shoot to MaxPreps, where interested parties could purchase licenses to use the photos. The three Goff Photos were among the images that Lee uploaded to MaxPreps.

### Lee's Copyright Registrations

31.     Lee was awarded U.S. copyright registrations for each of the Goff Photos, U.S. Copyright Nos. VA-2-442-313 (Basketball Photo 1), VA-2-444-845 (Basketball Photo 2), and VA-2-444-849 (Baseball Photo).

32.     Lee is the sole and exclusive owner of all right, title, and interest in and to these registered copyrights. Lee's photographs are original works of authorship, embodying copyrightable subject matter, and are subject to the full protection of the U.S. copyright laws.

### TDL's Unauthorized Copying of the Goff Photos

33.     TDL copied all three of Lee's Goff Photos without authorization.

34.     Specifically, TDL decided to use the Goff Photos commercially on TDL's social media pages without obtaining a license for commercial use.

35.     TDL displayed copies of the two Goff Basketball Photos in posts on TDL's official Instagram page, @detroitlionsnfl, as shown in the screenshots below.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT
CASE NO. 2:25-CV-07829

1

**TDL Instagram Post**



**TDL Instagram Post**



COMPLAINT
CASE NO. 2:25-CV-07829

1    36.    TDL's Instagram page has more than 1.9 million followers.

2    37.    TDL therefore displayed the Goff Basketball Photos on Instagram to

3  almost 2 million people.

4    38.    TDL never provided attribution to Lee or paid a proper license fee for

5  commercial usage in connection with these Instagram posts.

6    39.    TDL further posted one of the Goff Basketball Photos and the Goff

7  Baseball Photo to TDL's official X account, @lions, as shown below.

8                    **TDL X Post**

9

10



11

12

13

14

15

16

17

18

19

20

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1

## TDL X Post



## TDL X Post



40.    TDL's X account has more than 1.8 million followers.

41.    Therefore, over 1.8 million people would have had access to the copies of these photographs posted by TDL on X, not including countless other users who would have seen reposts of the photos on other accounts.

42.    TDL never provided attribution to Lee or paid a proper license fee for commercial usage in connection with these X posts.

***TDL Blatantly Exceeded the Scope of a Personal License***

43.    In order to obtain copies of the Goff Photos without the watermarks that appear across the photos on the MaxPreps website, a TDL agent purchased *personal, noncommercial licenses* for the photos via MaxPreps.

44.    In the purchase process on MaxPreps, the TDL agent would have been presented with a checkout box that stated: "By selecting Checkout, you agree to MaxPreps' License Agreement" with a link to the license terms.

45.    The referenced agreement is titled "MaxPreps Non-Commercial Image License Agreement"; a screenshot of the beginning portion is shown below.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1

**MaxPreps License**

2

3

### MaxPreps Non-Commercial Image License Agreement:

*By clicking checkout you are agreeing to the following terms*
This Agreement governs personal use of any digital image purchased from MaxPreps under the terms of the non-commercial, royalty-free image license. If you are interested in a commercial license, please request quote for that type of usage by e-mailing. **School yearbooks, school newspapers, school/alumni magazines along with any other online or print publication must REQUEST a commercial license.**

### Terms and Conditions Of Use

This is a legal agreement ("Agreement") between you ("Licensee") and MaxPreps (collectively hereinafter referred to as "Licensor", "website", "site" or "we").

By downloading any digital images set to be used on the non-commercial, personal basis from our website, you agree to be bound by the terms of this agreement. If you do not agree, click on the I do not agree button at the bottom of this page.

### Grant of License

Digital image can be downloaded from this website only after a personal license has been purchased. Licensor grants to you a non-exclusive, worldwide and perpetual, non-commercial, non-sublicensable right to use licensed digital image for your personal and/or family use.

Digital image may only be used in materials for personal, non-commercial, non-editorial use. Licensee may create digital copies and prints to allow digital image to be viewed by family members of Licensee only. Licensee may not utilize digital image in any manner that is not expressly permitted in this license agreement.

Digital image may not be used in any commercial or editorial materials distributed to the public, including but not limited to, newspapers, magazines, school yearbooks, school newspapers, advertising and marketing materials or any commercial online, broadcast or other electronic distribution system.

Digital image may only be used in a personal manner and may not be used for any editorial, commercial, promotional, advertising or merchandising use. For example,

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20    46.    The MaxPreps license purchased by TDL expressly states that it is solely

21    a "non-commercial" license "for your personal and/or family use."

22    47.    The MaxPreps license further states that covered digital images "may

23    only be used in materials for personal, non-commercial, non-editorial use" and that

24    "[d]igital image may not be used in any commercial or editorial materials

25    distributed to the public . . . ."

26    48.    The license clearly states at the beginning that someone interested in

27    using a photograph commercially is required to contact MaxPreps to request a

28    quote for a commercial license.

49.     No one from TDL ever contacted MaxPreps to obtain a commercial license to use the Goff Photos, and Lee never granted such a license.

50.     The person who purchased the Goff Photos on TDL's behalf instead agreed to the personal, noncommercial license.

51.     However, TDL's use of the Goff Photos vastly exceeded the license terms.

52.     As described above, TDL posted copies of each of the Goff Photos on TDL's commercial social media pages on Instagram and X, where they were displayed to millions of TDL's fans and followers.

53.     Instagram and X are commercial social media platforms that display advertisements in connection with posts and around posts.

54.     TDL regularly uses its Instagram and X pages to promote Detroit Lions football games, players, and merchandise.

55.     TDL never gave Lee attribution or paid Lee a proper license fee for making commercial use of the Goff Photos.

56.     Despite TDL knowing it did not have Lee's authorization to use the Goff Photos commercially, TDL displayed copies of the three photographs without authorization to an audience of millions in violation of Lee's rights.

57.     This copying has cost Lee an enormous amount of lost licensing fees; he has not received any compensation for TDL's commercial use, copying, and display of any of the Goff Photos.

### Count 1

### Infringement of Registered Copyright in the Goff Photos

58.     Lee incorporates each paragraph above into this claim.

59.     This claim is against TDL for infringement of Lee's registered copyrights in the Goff Photos in violation of the Copyright Act, 17 U.S.C. § 101 *et seq.*

60.     Lee is the owner of valid and registered copyrights in the Goff Photos, Copyright Nos. VA-2-442-313 (Basketball Photo 1), VA-2-444-845 (Basketball

Photo 2), and VA-2-444-849 (Baseball Photo).

61.    Each of Lee's copyrighted Goff Photos contains a substantial amount of original material which constitutes copyrightable subject matter protected under the Copyright Act.

62.    TDL had access to the Goff Photos through the MaxPreps website.

63.    Lee did not authorize TDL to reproduce his copyrighted works or to display reproductions of those works in the manner in which TDL reproduced and displayed the Goff Photos.

64.    TDL infringed Lee's registered copyrights by reproducing, distributing, and publicly displaying copies of the Goff Photos commercially without authorization, in violation of Lee's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

65.    TDL's distribution and public display of the Goff Photos on TDL's social media pages constitutes copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

66.    TDL knew it did not have a proper commercial license to display the Goff Photos on its Instagram and X accounts and did so anyway, acting willfully, in disregard of, and with indifference to Lee's rights.

67.    On information and belief, millions of people viewed the unlawful copies of the Goff Photos on TDL's social media pages.

68.    TDL's copyright infringement has damaged Lee in an amount to be proven at trial.

69.    Lee is entitled to full costs pursuant to 17 U.S.C. § 505.

70.    Lee is further entitled to a temporary and permanent injunction under 17 U.S.C. § 502 preventing TDL from further violations.

## **Prayer for Relief**

WHEREFORE, Lee prays that this Court enter judgment in his favor on each and every claim for relief set forth above and award Lee relief including but

not limited to an Order:

a)    Awarding Lee monetary relief, including damages sustained by Lee in an amount not yet determined, consisting of actual damages and TDL's profits attributable to copyright infringement under 17 U.S.C. § 504.

b)    Granting a temporary and permanent injunction preventing TDL and anyone working in concert with TDL from copying, displaying, distributing, selling, or offering to sell the infringing photograph pursuant to 17 U.S.C. § 502.

c)    Awarding Lee his costs in this action pursuant to 17 U.S.C. § 505 and other applicable laws.

d)    Awarding such other and further relief as this Court may deem just and appropriate under the circumstances.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38 and Central District of California L.R. 38-1, Lee demands a trial by jury on all issues so triable.

DATED:  August 20, 2025        THE MCARTHUR LAW FIRM, PC


By: /s/ *Stephen C. McArthur*
STEPHEN C. MCARTHUR

Stephen McArthur
stephen@smcarthurlaw.com
Thomas Dietrich
tom@smcarthurlaw.com
8383 Wilshire Blvd., Ste. 800
Beverly Hills, CA 90211
Telephone: (323) 639-4455

*Attorneys for Plaintiff Dennis Lee*